UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL R. DALRYMPLE and LESLIE W. WHITE, JR., | ) ) ) | Civ. 12-4098-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ROBERT DOOLEY, Warden; JENNIFER STANWICK-KLIMEK, Associate Warden; SUSAN JACOBS, Associate Warden; LELAND TJEERDSMA, Special Security; JACQUELINE PETERS, Sergeant; NICOLE ST. PIERRE, Mail Room; CORY NELSON, Mental Health; TOM GILCHRIST, Mental Health; MATT FITCH, Laundry; TRAVIS TJEERDSMA, Unit Coordinator; TAMMY DOYLE, Unit Manager; LORI DROTZMAN, GED Teacher; TREVOR PASCH, CBM Supervisor; GREG KATHAN, CBM Supervisor; KIMBERLY LIPPINCOTT, Case Manager; SUNNY WALTER, Attorney; LAINE SCHRYVERS, Unit Manager; JOSHUA KLIMEC, Case Manager; JAMES HALSEY, C.A.C. Library; SGT. GARY CHRISTENSEN, Unit Manager; NANCY CHRISTENSEN, Unit Manager; DIANE ROMKEMA, Case Manager; MARK BIDNE, Paralegal; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING PARTIAL MOTION TO DISMISS, DENYING MOTIONS FOR PRELIMINARY INJUNCTIONS AND TEMPORARY RESTRAINING ORDERS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION TO COMPEL DISCOVERY, AND GRANTING MOTION TO AMEND COMPLAINT |

| | |
|---|---|
| CARLA GROSSHUESCH, Unit Coordinator; | ) ) |
| MICHAEL HANVEY, Physician Assistant; | ) ) |
| CPL. TERRY ROMKEMA, Corporal; | ) |
| SGT. JERRAME LARSON, Sergeant; | ) |
| MT. LT. MICHAEL GROSSHUESCH, Lieutenant; | ) ) |
| GARY AVDOYAN, Correctional Officer; | ) |
| CPT. MICHAEL DOYLE, Captain; | ) |
| KAY MARROW, Correctional Officer; | ) |
| LT. DANIEL SESTAK, Lieutenant; | ) |
| DEBBIE EILERS, GED Teacher; and | ) |
| MARK PISCHEL, Correctional Officer, | ) ) |
| Defendants. | ) |

Plaintiffs, Daniel R. Dalrymple and Leslie W. White, Jr., have filed motions for preliminary injunctions and temporary restraining orders (Docket 116; Docket 119), a motion to appoint counsel (Docket 143), a motion for an extension of time to file amended documents (Docket 144), a motion to compel discovery (Docket 149), and a motion to amend complaint (Docket 150). Defendants have filed responses to several of plaintiffs' pending motions. Docket 130; Docket 155; Docket 156. Additionally, defendants have filed a partial motion to dismiss. Docket 112. For reasons set forth below, the court grants defendants' partial motion to dismiss; denies plaintiffs' motions for preliminary injunctions and temporary restraining orders, motion to appoint counsel, motion for extension of time to file amended documents, and motion to compel discovery; and grants plaintiffs' motion to amend complaint.

2

**I.     The Court Grants Defendants' Partial Motion to Dismiss.**

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, although a pro se complaint need not contain detailed factual allegations, it must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Finally, a pro se complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

On January 2, 2013, the court issued an order dismissing several of plaintiffs' claims for failure to state a claim upon which relief could be granted and directing the clerk to cause service for the remaining nineteen claims. Docket 103. On February 13, 2013, plaintiffs filed an amended complaint from which the previously dismissed claims were removed and eighteen of the nineteen remaining claims were realleged. Docket 107. Then, on March 5, 2013, defendants filed a partial motion to dismiss, asserting that plaintiffs failed to state a claim against various defendants, including Jacqueline Peters, Cory Nelson, Tom Gilchrist, Matt Fitch, Trevor Pasch, Greg Kathan, Sunny Walter, Laine Schryvers, Joshua Klimek, James Halsey, Sgt. Gary Christiensen, Diane Romkema, Mark Bidne, Sgt. Jerrame Larson, Captain Michael Doyle, and Lt. Daniel Sestak. Docket 113. Plaintiffs did not file a response in opposition to defendants' motion.

Based on the information presented in plaintiffs' amended complaint (Docket 107), the court finds that plaintiffs have failed to state a claim upon which relief may be granted with respect to each of the defendants listed in defendants' partial motion to dismiss. In short, plaintiffs have not supplied facts that would support a claim against any of these defendants. At best, plaintiffs' complaint contains conclusions with respect to Jacqueline Peters, Cory Nelson, Tom Gilchrist, Matt Fitch, Trevor Pasch, Greg Kathan, Sunny Walter, Laine Schryvers, Joshua Klimek, James Halsey, Sgt. Gary Christensen,

4

Diane Romkema, Mark Bidne, Sgt. Jerrame Larson, Captain Michael Doyle, and Lt. Daniel Sestak. The court will not construct a legal theory that assumes facts that have not been pleaded. *Stone*, 364 F.3d at 914 (citing *Dunn*, 880 F.2d at 1197). Accordingly, the above-named defendants are dismissed without prejudice from this action.

## II. The Court Denies Plaintiffs' Motions for Preliminary Injunctions and Temporary Restraining Orders.

In the instant case, plaintiffs have filed two motions for preliminary injunctions and temporary restraining orders pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Docket 116; Docket 119. In the first of these motions, plaintiffs request a preliminary injunction to prevent defendants from confiscating plaintiffs' legal documents. Docket 116. In the second motion, plaintiffs request a preliminary injunction to prevent defendants from restricting plaintiffs' ability to freely correspond with one another through the sending and receiving of legal mail. Docket 119. Defendants oppose both motions for preliminary injunctions. Docket 130.

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). To determine

5

whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, *Dataphase*, 640 F.2d at 114, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins*, 346 F.3d at 844. *See also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, plaintiffs must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, "plaintiff[s] must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Tech., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

With regard to their first motion for preliminary injunction, plaintiffs allege that "[t]he confiscation of legal documents has been an on going issues [sic] since February 2012 and has caused punishment of plaintiffs and delays of filing of court documents." Docket 116 at 3. Plaintiffs have not established, however, actual, substantial harm resulting from the alleged infringement. Beyond alleging that they are being denied access to the courts, plaintiffs have provided no evidence to substantiate their claim. To the contrary, the abundance of documents filed in this case up to this point[1] demonstrates that plaintiffs have not been denied access to the courts. Consequently, plaintiffs have failed to demonstrate actual, substantial harm resulting from the alleged infringement. Because "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins*, 346 F.3d at 844, the court denies plaintiffs' first motion for preliminary injunction.

In their second motion for preliminary injunction, plaintiffs assert that they are being denied unrestricted correspondence with one another via legal mail.[2] Docket 119. Again, plaintiffs have not demonstrated that the alleged

---

[1] Plaintiffs initiated this case on June 7, 2012. At the time this order was issued, there had been 156 docket entries.

[2] At the time plaintiffs filed this preliminary injunction, White was located at the Yankton Trustee Unit in Yankton, South Dakota, while Dalrymple was located at Mike Durfee State Prison in Springfield, South Dakota. On April 22, 2013, the court received notice that Dalrymple was being paroled and would be available at a personal address in Pierre, South Dakota. Docket 141.

inability to freely correspond with one another via legal mail has resulted in actual, substantial harm. Plaintiffs do not have a First Amendment right to communicate with one another about legal or other matters, *Bear v. Kautzky*, 305 F.3d 802, 804 (8th Cir. 2002), and South Dakota Department of Corrections policy prohibits inmate correspondence without express permission, Docket 130-1 at ¶ 4. Nonetheless, Deputy Warden Jennifer Stanwick granted plaintiffs permission to correspond with one another regarding matters associated with their two actions in federal court. Docket 130-1 at ¶ 5; Docket 130-2. Although plaintiffs' correspondence remains subject to review,[3] the court finds that plaintiffs have not demonstrated actual harm, specifically because plaintiffs have not been restricted from corresponding about legal matters. Docket 130-1 at ¶ 5; Docket 130-2. Because the "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins*, 346 F.3d at 844, the court denies plaintiffs' second motion for preliminary injunction.

---

[3] Given Dalrymple's history of attempted escape (Docket 130-3), his "history of engaging in, and attempting to manipulate other inmates to engage in, conduct which is disruptive or in violation of prison rules (Docket 130-4), and the fact that prison officials have found Dalrymple in possession of other inmates' legal documents (Docket 130-4), the court finds that the review of correspondence between Dalrymple and White is reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

**III. The Court Denies Plaintiffs' Motion for Appointment of Counsel.**

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of plaintiffs' remaining claims are not complex. Further, now that Dalrymple is on parole, he has additional time and resources for researching the issues involved in the case. Plaintiffs therefore appear able to adequately present the majority of their § 1983 claims at this time, and their motion to appoint counsel (Docket 143) is therefore denied.

**IV. The Court Denies Plaintiffs' Motion to Compel Discovery.**

On April 22, 2013, plaintiffs requested that the court compel discovery and require defendants to answer plaintiffs' first set of interrogatories. Docket 149. The court, however, had already granted defendants' motion to stay discovery (Docket 124) pending resolution of defendants' motion regarding the applicability of the doctrine of qualified immunity. Docket 136. Because such

motion has yet to be filed or resolved,[4] the court denies plaintiffs' motion to compel discovery (Docket 149).

## V.     The Court Grants Plaintiffs' Motion to Amend Complaint.

A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, only 55 days passed between the date on which defendants were served with this action and the date on which plaintiffs filed the instant motion to amend. The court ordered that any motion to amend pleadings or join

---

[4] On April 30, 2013, the court entered a text order granting defendants' motion to extend the deadline for filing their motion to dismiss based on qualified immunity. Docket 154. Defendants have until 45 days after plaintiffs file their amended complaint to file their motion to dismiss based on qualified immunity. *Id.*

parties needed to be filed with the court on or before April 15, 2013. Docket 136. Plaintiffs' instant motion was postmarked just three days later on April 18, 2013, which may have been timely under the prison mailbox rule. Furthermore, because it has been only a year since plaintiffs first filed their complaint in this action and discovery has not commenced, defendants are unable to show that they would be prejudiced by the filing of an amended complaint. The court therefore grants plaintiffs' motion to amend their complaint (Docket 150). Accordingly, it is

ORDERED that defendants' partial motion to dismiss (Docket 112) is granted. The following defendants are dismissed from this action: Jacqueline Peters, Cory Nelson, Tom Gilchrist, Matt Fitch, Trevor Pasch, Greg Kathan, Sunny Walter, Laine Schryvers, Joshua Klimek, James Halsey, Sgt. Gary Christiensen, Diane Romkema, Mark Bidne, Sgt. Jerrame Larson, Captain Michael Doyle, and Lt. Daniel Sestak.

IT IS FURTHER ORDERED that plaintiffs' motions for preliminary injunction (Docket 116; Docket 119) are denied.

IT IS FURTHER ORDERED that plaintiffs' motion for appointment of counsel (Docket 143) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to compel discovery (Docket 149) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to amend complaint (Docket 150) is granted. The amended complaint should be filed and served on defendants by **June 28, 2013**.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time to file amended documents (Docket 144) is denied as moot.

Dated May 30, 2013.

BY THE COURT:


*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE